IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Harrisonburg Division)

| | | |
|---|---|---|
| **ROCKINGHAM PRECAST, INC.** | * | |
| Plaintiff, | * | |
| v. | * | |
| **AMERICAN INFRASTRUCTURE -** | * | |
| **MARYLAND, INC.** | | |
| | * | Case No.: 5:11CV00024 |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT**
<u>**MOTION TO TRANSFER VENUE**</u>

Pursuant to Fed. R. Civ. P. 15(a)(2) and Local Civ. R. 11(c)(2), Defendant American Infrastructure–Maryland, Inc. ("AI-MD," or "Defendant"), by and through its undersigned counsel, hereby moves this Honorable Court for leave to supplement its Motion to Transfer Venue in the above-captioned case with the Affidavits of Mark A. McDowell, Michael Thomas Davies and Christopher D. McKew, and, in support thereof, states the following:

1. Defendant filed its Motion to Transfer Venue (the "Motion to Transfer") on or about May 18, 2011, alleging that pursuant to 28 U.S.C. § 1404(a) the case should be transferred to the U.S. District Court for the District of Maryland (Baltimore Division) for the convenience of the parties and witnesses, and in the interest of justice. *See gen. Mot. to Trans.*

2. Accompanying the Motion to Transfer was the Affidavit of Brad Buchler, the purchasing agent for Defendant. That affidavit stated, *inter alia*, that adjudication of this case in the U.S. District Court for the Western District of Virginia would be inconvenient to Defendant,

its officers, agents and employees. *See gen. Aff. of Brad Buchler* at ¶¶ 29-31. It further stated that Mr. Buchler did not know of any non-party witness located in Virginia. *See id.* at ¶ 29.

3. Plaintiff filed its Opposition to Defendant's Motion to Transfer (the "Opposition") on or about June 1, 2011, alleging therein that Defendant has failed to proffer sufficient evidence of witness inconvenience to warrant transfer of venue by not including any affidavits of non-party witnesses with its Motion to Transfer. *See Brief in Support of Opp.* at p. 4.

4. Defendant objects to Plaintiff's allegation that the Affidavit of Brad Buchler, attached to and incorporated by reference in Defendant's Motion to Transfer, is insufficient to support the relief requested therein.[1]

5. Notwithstanding the foregoing, Defendant requests that this Honorable Court grant it leave to supplement the Motion to Transfer to include the Affidavits of these witnesses: Michael Thomas Davies ("Davies"), Mark A. McDowell ("McDowell") and Christopher D. McKew ("McKew"). Those three Affidavits are attached hereto and incorporated by reference as **Exhibits** **1**, **2** and **3**, respectively.

6. Pursuant to Fed. R. Civ. P. 15(a)(2), ". . . a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

---

[1] In its Opposition, Plaintiff relies on *Sohn's v. Dahl*, 392 F. Supp. 1208, 1217 (W.D. Va. 1975) and *Production Group International Inc. v. Goldman*, 337 F. Supp. 2d 788, 799 (E.D. Va. 2004), for the supposition that if a party does not proffer any affidavits of non-party witnesses its motion to transfer venue is defective. *See Opp.* at p. 4. Despite Plaintiff's assertions of the law, there is no explicit requirement that a motion to transfer venue under 28 U.S.C. § 1404(a) be accompanied by one or more *non-party* witness affidavits. *See Terry v. Walker*, 369 F. Supp. 2d 818, 823 (W.D. Va. 2005) (noting that courts have refused to transfer cases to another forum based on conclusory affidavits but have required that the moving parties show what helpful testimony distant witnesses would provide); *see also Sohn's* 392 F. Supp. 1208, 1217 (holding that courts have usually required documentation that another forum is more convenient and that conclusory affidavits alone would not be sufficient in order to warrant transfer); *Goldman* 337 F. Supp. 2d 799 ("[c]c-onvenience to non-party witnesses *may* carry more weight in the transfer analysis." 337 F. Supp. 2d at 799) (emphasis added). Based on the foregoing case law, the requirements of an affidavit supporting a motion to transfer are these: (1) a "non-conclusory" statement, (2) a statement as to why the witnesses' testimony is helpful and (3) a showing of witness inconvenience.

7. Pursuant to Local Civ. R. 11(c)(2), briefs need not accompany motions to amend pleadings. "These motions, while not requiring a brief, must state good cause for justifying the relief requested." *See W.D. Va. Civ R. 11*.

8. Here, Defendant's counsel has requested Plaintiff's consent to the instant motion. At this juncture, Plaintiff's counsel, who indicated that he would be out of the office through the end of the week that this motion is being filed, has neither granted nor refused consent but promised to "… look into this and speak with the client on Monday [July 11, 2011]." *See E-mails Between Counsel Dated July 5 and 6*, a true and accurate redacted excerpt of which is attached hereto and incorporated by reference herein as **Exhibit 4**.

9. Mssrs. Davies and McDowell, both of whom Defendant believes will be fact and/or expert witnesses in this case, were, at the time of the facts underlying this lawsuit, employed by Harford County as inspectors and were present as Southampton Roads (the "Job Site") during the construction thereof. *See gen.* **Exhibits 1** and **2**. Both non-party witnesses live and work in Bel Air, Maryland. *See gen. id*. Although not the only non-party witnesses helpful to Defendant's case, their Affidavits are helpful to illustrate to the Court the probative value of their testimony and the significant inconvenience they and other non-party witnesses similarly situated would incur if this case were not transferred to U.S. District Court for the District of Maryland (Baltimore Division). *See gen. id*.

10. At all times relevant to the facts underlying this lawsuit, Mr. McKew served as Defendant's Project Manager at the Job Site. *See gen.* **Exhibit 3**. Therefore, in addition to being a potential witness for Defendant, he also has personal knowledge of several non-party witnesses, some of whom have not been able to submit Affidavits in time for this instant Motion. *See gen. id*.

11. It is in the interest of justice to include these Affidavits in the Court's consideration of the Motion to Transfer because the issues on which they have primary probative value are those of helpfulness of witness testimony and witness convenience, which are, respectively, common law and statutorily established factors for determining a motion to transfer venue. *See Terry* 369 F. Supp. 2d at 328; *Sohn's* 392 F. Supp. at 1218; *see also* 28 U.S.C. §1404(a).

12. Therefore, pursuant to Fed. R. Civ. P. 15(a)(2) and Loc Civ. R. 11(c)(2), this Court should freely grant leave for Defendant to supplement its Motion to Transfer for good cause, as the supplemental affidavits will be helpful to this Court in deciding the Motion to Transfer, more specifically, assisting this Court in determining whether the alleged inconvenience to multiple non-party witnesses merits transfer.

13 In particular, the supplemental affidavits evidence that several non-party witnesses, each of whose testimony is helpful and probative to the resolution of this case, would be significantly inconvenienced by the confined adjudication thereof in the U.S. District Court for the Western District of Virginia (Harrisonburg Division).

14. All diligent efforts have been made to obtain these supplemental affidavits in an expedient manner to avoid undue delay. Mssrs. Davies and McDowell are government employees, *see* **Exhibits 1** and **2** at ¶ 6, and Defendant's request for their affidavits needed to be reviewed and cleared through the County Attorney's Office for Harford County, Maryland, before Defendant could even obtain the details necessary for preparation of their affidavits. Understandably, the drafts of their affidavits also needed to be reviewed and edited by the County Attorney's Office prior to their execution and submission to Defendant's counsel. Defendant received the signed affidavits on the afternoon of July 7, 2011.

15. Defendant is making all diligent efforts to obtain additional affidavits from other non-party witnesses, including Nick Catanzaro and Chris Gale, who are non-party witnesses identified in Mr. McKew's Affidavit.[2]

16. There is no risk of unfair prejudice to Plaintiff by the requested supplementation of the Motion to Transfer because the supplemental affidavits do not introduce any new arguments that require a response from Plaintiff; rather, they give further support for Defendant's original argument. Defendant is willing to treat Plaintiff's original Opposition as responsive to Defendant's supplemented Motion to Transfer, without the need for further amendment by the Plaintiff.

**WHEREFORE**, Defendant prays that this Honorable Court, grant its Motion to Supplement Motion to Transfer and to supplement Defendant's original Motion to Transfer Venue with the Affidavits of Mark A McDowell, Michael Thomas Davies and Christopher D. McKew as **Exhibits 5**, **6** and **7** thereof, as though more fully set forth therein.

**[Attorneys' signatures appear on the following page.]**

---

[2] All non-party witnesses mentioned in McKew's Affidavit have invoked their right to counsel with respect to the supplemental affidavits. Mr. Catanzaro is a structural engineer who inspected the materials following the bridge failure. Upon information and belief, Mr. Catanzaro underwent surgery very recently and is presently still recovering therefrom. He requested for Edward A. Jaeger, Esquire, who, upon information and belief, is counsel for Great American Insurance Group (AI-MD's insurance company), to review Defendant's request for an affidavit. Although Mr. Jaeger has now authorized Defendant's counsel to speak directly with Mr. Catanzaro to obtain information for drafting the affidavit, Defendant's counsel requested confirmation that Mr. Jaeger had conveyed this to Mr. Catanzaro, and Defendant has not received that confirmation yet. Therefore, Mr. Catanzaro has not yet been able to execute and submit an Affidavit in support of this Motion to Transfer. Defendant believes that his testimony will be highly probative in this case and that his Affidavit in support of the Motion to Transfer, when complete, will be highly probative with respect thereto.

        Respectfully submitted,

/s/ Curtis C. Coon
CURTIS C. COON, Esquire (MD Bar #01275)
Coon & Cole, LLC
401 Washington Avenue, Suite 501
Towson, Maryland 21204
Direct: (410) 630-4425
Firm: (410) 244-8800
Fax (410) 825-5941
E-mail: cccoon@ccclaw.net
*Attorney for Defendant*
*Admitted Pro Hac Vice*


/s/ Stephen J. Annino
Stephen J. Annino, Esquire (VA Bar #20551)
Kasimer & Annino, Esquire, P.C.
Tysons Office Park
7653 Leesburg Pike
Falls Church, Virginia 22043
Phone: (703) 893-3914
Fax: (703) 893-6944
E-mail: sannino@kasannlaw.com
*Attorney for Defendant*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of July 2011, a copy of the foregoing **Defendant's Motion for Leave to Supplement Motion to Transfer Venue** was served, via ECF, upon:

Larry W. Caudle Jr., Esquire
Brad C. Friend, Esquire
Kraftson Caudle
1600 Tysons Boulevard, Suite 250
McLean, Virginia 22102
*Attorneys for Plaintiff*


/s/ Stephen J. Annino
Stephen J. Annino, Esquire